UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRYSLER GROUP, LLC,

      Plaintiff/ Counter- Defendant

v.

                                              Case No. 12-12351

PROACTIVE TRAINING SOLUTIONS,     Honorable Julian Abele Cook, Jr.

      Defendant/ Counter-Claimant.

ORDER

      The controversy in this litigation relates to a purchase order between the Plaintiff, Chrysler Group, LLC ("Chrylser") and the Defendant, Proactive Training Solutions ("Proactive"). Currently before the Court is Chrysler's (1) motion for a judgment on the pleadings with respect to its quest for a declaratory judgment, and (2) motion to dismiss Proactive's counterclaim.

I.

      On or around April 1, 2011, the parties executed a purchase order wherein Chrysler agreed with Proactive to purchase telephone and internet training services for the use of approximately 2,300 of its dealers. For the purpose of this lawsuit, Proactive acknowledges that by performing its responsibilities under this purchase order, it entered into a written contract with Chrysler which governed the parties' respective relationship. Answer at ¶¶ 10, 11, 12, 15.

      The purchase order incorporates by reference Chrysler's "General Terms and Conditions" which states, in pertinent part, as follows::

1

> Seller agrees to sell and deliver the goods or services specified in Chrysler's order in accordance with the terms and conditions contained in the order, including the clauses referenced in the order, the Chrysler Facilities and Materials General Terms and Conditions (Form 84-806-1652A), the terms of this form and any signed documents referenced in the order, all of which constitute the entire and final agreement between Chrysler and Seller and cancel and supersede any prior or contemporaneous negotiations or agreements regarding the order. The Chrysler General Terms and Conditions are as currently published on http://chrysler.covisint.com (reference tab). By accepting the order, seller acknowledges having actual knowledge of the text of the referenced clauses and the general terms and conditions.

In general, these "General Terms and Conditions" give Chrysler, inter alia, the right to terminate the purchase order at its option: "Chrysler may terminate this order at any time without cause in whole or in party by written notice, whereupon Seller will stop work on the date and to the extent specified in such notice and terminate all orders and subcontracts that relate to the terminated order." Clause 19, General Terms and Conditions (ECF 8-3).

However, Proactive maintains that these "General Terms and Conditions" were neither attached to the purchase order nor made available to it on Chrysler's website. Proactive concedes that the purchase order includes language which indicated that it was aware of these general terms and conditions.

On or about April 18, 2012, Chrysler terminated the purchase order. Approximately one week later (April 27th), Chrysler initiated this lawsuit in the Oakland County Circuit Court of Michigan, seeking the entry of a declaratory judgment which, in its opinion would clarify the respective roles and responsibilities of the parties in their dispute. On May 31, 2012, Proactive removed this action on the basis of diversity jurisdiction, 28 U.S.C. § 1332, and filed a counter-complaint in which it accused Chrysler of breaching its obligation under their contract..

II.

Chrysler seeks a declaratory judgment in its favor pursuant to Fed. R. Civ. P. 12(c). A motion for a judgment on the pleadings under this Rule may be granted if the moving party "is entitled to judgment as a matter of law." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citation omitted). When deciding such a motion, this Court is obliged to accept all "well-pleaded material allegations of the pleadings of the opposing party" as true." *Id*.

Chrysler also seeks a dismissal of Proactive's counter-claim pursuant to Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept the Plaintiff's well-pleaded allegations as true and construe each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the Plaintiff's legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, a "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) or 12(c) motion, "documents attached to the pleadings become part

of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for a summary judgment if the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

The Court will initially address Chrysler's motion for judgment on the pleadings for declaratory relief. The Declaratory Judgment Act provides that in "a case of actual controversy" a federal court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). In deciding whether to grant declaratory relief, a federal court should consider the following five factors:

> (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata"; (4) whether the use of a declaratory action would increase the friction between our federal and

> state courts and improperly encroach on state jurisdiction; and (5) whether there is an alternative remedy that is better or more effective. *Northland Ins. Co. v. Stewart Tite Guard. Co.*, 327 F.3d 448, 453 (6th Cir. 2003) *citing Scottsdale Ins. Co. v. Roumph*, 211 F.3d 964, 968 (6th Cir. 2000).

The parties submit that there is an actual controversy concerning whether Chrysler is entitled to terminate the purchase order pursuant to Clause 19 of the general terms and conditions. The parties further agree that a declaratory judgment is necessary for the purpose of settling and affording relief from uncertainty with respect to the rights, status, and future legal relations between Chrysler and Proactive. In addition, the parties believe that a declaratory judgment would settle their controversy by clarifying the legal relationships at issue. There is no allegation that Chrysler is seeking the declaratory relief to gain a procedural advantage. Finally, a declaratory judgment would not encroach on state court jurisdiction, and there is no superior alternative remedy. Since all five factors have been met here, declaratory relief may be appropriate in this case.

It is well-established under Michigan law that courts are bound to enforce contracts as written. *Wilkie v. Auto-Owners Ins. Co.*, 469 Mich. 51, 51-52 (2003); *Rory v. Cont'l Ins. Co.*, 473 Mich. 457 (2005). When the terms of a written contract are unambiguous, "the parties' intent is gleaned from the actual language used." *Prentis Family Foundation v. Barbara Ann Karmanos Cancer Institute.*, 266 Mich. App. 39, 57 (2005). It is also well settled under Michigan law that "[w]here one writing references another instrument for additional contract terms, the two instruments should be read together." *Forge and NFM, Inc. v. Smith*, 458 Mich. 198, 207 (1998). *See also Whittlesey v. Herbrand Co.*, 217 Mich. 625, 628 (1922) (outside material (1) may be incorporated into contract by reference and (2) are to be taken as part of contract as though its content had been fully recited) Where additional documents or terms are made part of a written agreement by reference, the parties are bound by those additional terms even if they have never seen

them. *Ginsberg v. Myers*, 215 Mich. 148, 150-151 (1921).

Furthermore, the "law presumes that one who signs a written agreement knows the nature of the instrument so executed and understands its contents." *Watts v Polaczyk*, 242 Mich. App. 600, 604 (2000). Finally, as a matter of law, "[a] party to a contract cannot avoid enforcement by claiming he did not read it, or supposed its terms were different." *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 567 (1999). Rather, if a contracting party has questions regarding terms in a contract, it is his obligation to request the necessary information. *See Scholz v. Montgomery Ward & Co.*, 437 Mich. 83, 92 (1991) (party's failure to obtain explanation of contractual terms estops him from voiding contract because he was unaware of its provisions); *Morgan v. Goddard*, 239 Mich. 174, 176 (1927) (plaintiff is bound to inform himself of (1) pertinent contractual specifications, and (2) obligations of party with whom he is dealing.)

Proactive acknowledges that the purchase order is the governing contract. Unambiguous language in the purchasing order incorporates the general terms and conditions. Clause 19, to which reference has been made hereinabove, is a termination clause. Termination clauses are generally enforceable. *See Cloverdale Equip. Co. v. Simon Aerials, Inc*. 869 F.2d 934, 938 (6th Cir. 1989). It is not a valid defense for Proactive to later claim that it did not read the text at issue. Therefore, Chrysler's motion for judgment on the pleadings for a declaratory judgment will be granted because, in the opinion of the Court, the purchase order was properly terminated.

Next, Chrysler seeks the dismissal of Proactive's counterclaim for breach of contract. The elements of a breach of contract are (1) existence of a valid contract; (2) the terms of the contract; (3) performance of things to be performed by the plaintiff; (4) conduct constituting breach by the defendant; and (5) damages. *Keywell and Rosenfeld v. Bithell*, 254 Mich. App. 300, 357 (2002).

Proactive has failed to allege that Chrysler breached any term of the purchase order. As detailed above, their claim that Chrysler wrongfully terminated the purchase order is without merit. Therefore, Proactive has failed to state a claim for breach of contract. Proactive's Counterclaim is dismissed.

## IV.

For the reasons that have been stated above, the Court grants Chrysler's motion for the entry of judgment on the pleadings and dismisses Proactive's counterclaim with prejudice. (ECF 8).

IT IS SO ORDERED.

Dated:  October 17, 2012       s/Julian Abele Cook, Jr.
    Detroit, Michigan              JULIAN ABELE COOK, JR.
                                      United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 17, 2012.

                                                    s/ Kay Doaks
                                                    Case Manager